# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY E. AKINS,<br><br>  Plaintiff,<br>v.<br>SAN DIEGO COMMUNITY COLLEGE DISTRICT, et al.,<br><br>  Defendant. | Case No. 12cv00576 BTM (WVG)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE** |

  Plaintiff Rodney E. Akins, a nonprisoner proceeding pro se, has submitted a complaint raising fifteen separate claims arising out of allegations that various students, faculty, and administrators at San Diego Mesa College ("Mesa College") physically and psychologically abused him between 2004 and 2010.  Plaintiff has not paid the $350 civil filing fee required to commence this action, but rather, has filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

  Under § 1915(a), the Court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his assets, showing that he is unable to pay filing fees. See 28 U.S.C. § 1915(a).  Plaintiff has submitted an affidavit which sufficiently shows that he lacks the financial resources to pay filing fees, and the Court accordingly GRANTS Plaintiff's motion to proceed in forma pauperis.

//

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

A complaint "is frivolous where it lacks an arguable basis either in law or fact. [The] term 'frivolous,' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, the Court need not accept the factual allegations as true, and may look beyond the face of the complaint to determine if the allegations are "fanciful," "fantastic," or "delusional." Denton v. Hernandez, 504 U.S. 25, 32-33 (quoting Neitzke, 490 U.S. at 325-28). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. at 33.

Additionally, the Court may dismiss an action if it arises from the same series of events and alleges the same facts as another action filed by the same party. See Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (court may dismiss an action as frivolous if it "merely repeats pending or previously litigated claims.") (citing Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[R]epetitious litigation of virtually identical causes of action" may be dismissed under § 1915 as frivolous or malicious.")).

In 2005, District Judge Houston dismissed a complaint filed by Plaintiff that made fantastic and delusional allegations similar to Plaintiff's present claims. See Akins v. San Diego Community College District, No. 05cv02260, slip op. at 4 (S.D. Cal. Dec. 28, 2005). Judge Houston described Plaintiff's 2005 allegations as follows:

> In the complaint, Plaintiff alleges he is enrolled in classes as Mesa College and students on campus tell him to leave or quit, and play "recorded screaming

> noises as if to say that [Plaintiff's] 24-year old son was being tortured and beat up behind closed doors on campus." . . . Plaintiff further alleges students and faculty have struck him with "some kind of injectible device" and injected him with "germ, spit, urine, blood" and even syphilis and the flu. . . . He also alleges he was "hit with some kind of saline solution that probably has something to do with [his] blood pressure being so high," because his doctor prescribed medicine for high blood pressure and he was warned high blood pressure could lead to a heart attack or stroke. . . . Plaintiff alleges this amounts to attempted murder. Additionally, he alleges his work is destroyed, his food is tampered with and he suffers "physical attacks or 'hits' in the library, cafeteria, administrative office and classrooms."

Id. at 3-4 (citations omitted).

In his present complaint, Plaintiff alleges that these same forms of abuse continued through 2010. Specifically, Plaintiff repeats his allegations that students verbally harrass him (Cplt. at ¶¶ 11-12, 48), that students and faculty "followed [him] around campus playing these [recorded] screaming noises again and again" (id. at ¶ 13; see also id. at ¶¶ 14, 50, 51a, 51b, 59, 60, 65, 66, 93, 105), and that he was "attacked" or "hit" with "sharp objects resembling some type of injectable/hpodermic needle" (id. at ¶ 15; see also id. at ¶¶ 24, 26, 51a, 51b, 65). Plaintiff also alleges that on at least two occasions someone broke into his locker and placed "a solution that smelled like battery acid . . . in [his] face lotion which caused [his] skin to burn and scar [his] face" (id. at ¶ 16); that "students and lab employees [including named Defendants Charles and Owen] . . . were constantly hacking into [his] terminals and reading [his] emails" (id. at 53), that "students were using some kind of mace type spray to cause [his] eyes to burn and to cause [him] to become somewhat 'disoriented' in [his] Physical Geography and Elementary Alegebra & Geometry class" (id. at ¶ 61, see also id. at ¶ 63), that "students and or employees" attacked him "with a yeast fungus that [made him] discharge a foul urine smelling odor from [his] urinary tract" (id. at ¶ 80) and that gave him a "facial rash" (id. at ¶ 126).

These alleged facts, viewed individually and considered as a whole, clearly fall within the category of irrational, delusional, and wholly incredible allegations that fail to form the basis of a claim upon which relief can be granted and warrant sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B). Moreover, they appear to be part of the same series of events constituting the basis of the complaint that was dismissed sua sponte by Judge Houston in

2005. It is clear that "the deficiencies in the complaint [relating to these allegations] could not be cured by amendment," and accordingly the Court DISMISSES without leave to amend all claims based on the alleged abuses described above. See Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984).

Plaintiff also describes at great length an alleged incident occurring on May 25, 2010, in which Plaintiff (a) attempted to serve eleven defendants in an unspecified action by dropping off envelopes at the administrative office at Mesa College; (b) was prevented from doing do by Defendant Hedgecoth; (c) proceeded to walk toward the office of Rita Cepeda (President of Mesa College); and (d) was subsequently detained by campus police responding to a call from Defendant Hedgecoth, resulting in an alleged injury to Plaintiff's "rotor cup." (¶¶ 128-145). These alleged events forms the basis of several of Plaintiff's claims against Defendant Hedgecoth, but Plaintiff elected not to name the campus police officers as defendants because he "could not and will not implicate the officers for doing their job by simply responding to a fraudulent complaint call from Penny Hedgecoth." (Id. at ¶ 145.) Although these factual allegations do not rise to the level of "wholly incredible," Plaintiff has failed to state a claim upon which relief can be granted as to Defendant Hedgecoth.

Thus, the Court DISMISSES all claims based on the alleged events described in the forgoing paragraph without prejudice. See 28 U.S.C. § 1915(e)(2)(B). Plaintiff must submit any amended complaint within 45 days after the entry of this order. Failure to submit an amended complaint within this period may result in the dismissal of Plainitff's case.

**IT IS SO ORDERED.**

DATED: April 16, 2012

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court