# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY E. AKINS,<br><br>              Plaintiff,<br>  v.<br><br>SAN DIEGO COMMUNITY COLLEGE DISTRICT, et al.,<br><br>              Defendant. | Case No. 12cv00576 BTM (WVG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTIONS TO AMEND AND FOR APPOINTMENT OF A PROCESS SERVER** |

On July 5, 2012, Defendants SAN DIEGO COMMUNITY COLLEGE DISTRICT[1] ("District"), PENNY HEDGECOTH and MATTHEW TORRES, employees of the District (together, "District Parties") filed a motion to dismiss Plaintiff's First Amended Complaint ("Complaint"). In addition, Plaintiff has also filed an ex parte application for appointment of a process server and a motion for leave to file a second amended complaint. For the reasons below, the Court **GRANTS in part and DENIES in part** Defendants' motion to dismiss, **GRANTS** Plaintiff's *ex parte* application to appoint a process server, and **GRANTS** Plaintiff's motion for leave to file a second amended complaint. Plaintiff shall have ninety (90) days from the date of this order in which to properly serve defendants.

---

[1] Plaintiff also named the San Diego Police Department as a defendant. However, the police officers involved in the incident alleged by Plaintiff in his Complaint appear to be members of the Campus Police, and may properly be considered employees of the San Diego Community College District rather than the San Diego Police Department. See ECF No. 20 at 2:12-14.

## I. BACKGROUND

In his Complaint, Plaintiff RODNEY E. AKINS alleges that on May 25, 2010, he attempted to effect service of process for nine defendants in a case in San Diego Superior Court via the mail center at the Mesa College Campus, but was deterred from doing so by Defendant PENNY HEDGECOTH, a District employee. According to the Complaint, Defendant HEDGECOTH called the campus police, and Defendant MATTHEW TORRES, a campus police officer, subsequently stopped Plaintiff and, along with another officer, Defendant JOHN DOE 3, detained Plaintiff using force, resulting in an alleged injury to his rotator cuff.

## II. DISCUSSION

Defendants move to dismiss the Complaint on the grounds that: 1) service of process was defective as to all Defendants; 2) the District and District Parties are immune from suit under the Eleventh Amendment as to Counts 1-3 and 5-14, as well as Count 4 to the extent it is based on 42 U.S.C. § 1983; and 3) Plaintiff has failed to state a claim upon which relief can be granted, both as to the Complaint in its entirety and to the fourth cause of action for racial discrimination under Title VI.

**A. Service of Process**

Defendants move to dismiss the Complaint in part for insufficient service of process. See Fed.R.Civ.P. 12(b)(5). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984), there must still be "substantial compliance" with Rule 4; otherwise, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988) (quoting Benny v. Pipes, 799 F.2d 489, 492 (9th Cir.1986), cert. denied, --- U.S. ----, 108 S.Ct. 198, 98 L.Ed.2d 149

(1987)).

Under Rule 4, an individual defendant may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(b). With regard to serving the District, Rule 4 states that:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>     (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>     (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Id. at 4(j)(2). Under California law, service of process may be effected by: personal delivery, Code Civ. Proc. § 415.10; leaving a copy at the person's home or office and thereafter mailing a copy, id. at § 415.20; mailing a copy along with two copies of the notice and acknowledgment of summons and a return envelope to sender, id. at § 415.30; or publication, id. at § 415.50.

It is undisputed that in this case, Plaintiff served Defendants by sending them the FAC and a copy of the summons via certified mail, which is not authorized under federal or state law. Therefore, the Court finds that Plaintiff's service of process was insufficient.

However, as a pro se plaintiff proceeding in forma pauperis, Plaintiff is entitled to have the U.S. Marshals serve his papers. Therefore, the Court quashes service and grants Plaintiff's ex parte application for appointment of a process server as detailed below. Plaintiff shall have ninety (90) days from the date of this order in which to serve defendants.

//
//
//
//

**B.  Sovereign Immunity**

    *1.  The District*

Under the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  The Eleventh Amendment "confirms" the "presupposition" of state sovereign immunity, such that no state may be sued by an individual without its consent, unless Congress has unequivocally and constitutionally abrogated that immunity in a statute. See Kimel v. Florida Bd. of Regents, 528 U.S. 62, 72-73, 120 S. Ct. 631, 640, 145 L. Ed. 2d 522 (2000).  The Ninth Circuit has held that community college districts are state entities protected by sovereign immunity under the Eleventh Amendment.  See Mitchell v. Los Angeles Cmty. Coll. Dist., 861 F.2d 198, 201-02 (9th Cir. 1988); Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 972 (9th Cir. 1994).

Plaintiff has alleged the following causes of action: (1) intentional infliction of emotional distress; (2) denial of public accommodation in violation of 42 U.S.C. § 1983; (3) age discrimination in violation of California Government Code 11135(a); (4) racial discrimination in violation of Title VI of the 1964 Civil Rights Act as implemented by 42 U.S.C. § 1983; (5) abuse of process; (6) deprivation of due process and equal protection in violation of Article 1 § 7 of the California Constitution; (7) conspiracy to interfere with Plaintiff's civil rights in violation of California Government Code 11135(a); (8) unlawful retaliation in violation of 42 U.S.C. § 1983; (9) unlawful detainment in violation of Article 1 § 13 of the California Constitution; (10) negligence; (11) interference with Plaintiff's exercise and enjoyment of his constitution rights in violation of California Civil Code § 52.1(b); (12) retaliation in violation of California Government Code 11135(a); (13) personal injury; and (14) denial of public accommodation in violation of California Government Code 11135(a).

It is well-established that Congress has not abrogated sovereign immunity for section 1983 claims.  See Braunstein v. Arizona Dept. of Transp., 683 F.3d 1177, 1188 (9th Cir. 2012).  The Eleventh Amendment also bars Plaintiff's state law claims, since allowing a

federal court to adjudicate state law claims as against the state itself "conflicts directly with the principles of federalism that underlie the Eleventh Amendment." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106, 104 S. Ct. 900, 911, 79 L. Ed. 2d 67 (1984); see also Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004). However, Congress *has* abrogated sovereign immunity as to Title VI claims for damages. See 42 U.S.C. § 2000d-7(a). Thus, Plaintiff's fourth cause of action for racial discrimination in violation of Title VI may be allowed against the District, but all of his other claims against the District must be dismissed as barred by sovereign immunity. The Court therefore **DENIES** Defendants' motion to dismiss the fourth cause of action, but **GRANTS** the motion as to the District for the remainder of the claims.

*2. Individual Defendants*

As to the individual defendants, the Eleventh Amendment extends sovereign immunity to state officials sued in their official capacity. See Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999). Even where state officials are sued in their personal capacities, the Eleventh Amendment bars such suits "when 'the state is the real, substantial party in interest.'" Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101, 104 S. Ct. 900, 908-09, 79 L. Ed. 2d 67 (1984) (quoting Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945)). However, the Supreme Court has recognized a significant exception to the immunity of state officials, namely that "a suit challenging the constitutionality of a state official's action is not one against the State," id. at 102, since "an official who acts unconstitutionally is 'stripped of his official or representative character.'" Id. at 104 (citing Ex parte Young, 209 U.S. 123 (1908)). Here, Plaintiff sues the individual defendants in their official and individual capacities. The defendants are entitled to sovereign immunity in their official capacity just as is the District. Thus, the claims against the individual defendants in their official capacity, except the Title VI claim, are dismissed.

**C. Failure to State a Claim Upon Which Relief Can Be Granted**

Finally, Defendants have moved to dismiss Plaintiff's Complaint on the grounds that it fails to state a claim for which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). However, because the Court grants Plaintiff's motion for leave to file a second amended complaint (see below), it **DENIES** without prejudice the motion to dismiss under 12(b)(6) as moot.

**D. Plaintiff's Application to Appoint Process Server**

Plaintiff has also made an *ex parte* application for appointment of a process server pursuant to 28 U.S.C. § 1915 (ECF No. 11). Under Rule 4, a court must order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915. See Fed.R.Civ.P. 4(c)(3). Because the Court granted Plaintiff's motion to proceed in forma pauperis (ECF No. 3), the Court now **GRANTS** Plaintiff's ex parte application as required by Rule 4 and hereby **ORDERS** that the United States Marshal shall serve a summons and a copy of the Complaint upon Defendants as directed by Plaintiff on U.S. Marshal Form 285, with all costs of service to be advanced by the United States.

**E. Plaintiff's Motion to File Second Amended Complaint**

Leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999). Because this suit is still in its early stages, there is no prejudice to Defendants, and there is nothing to suggest bad faith by Plaintiff. While Defendants claim amendment would be futile because Plaintiff's proposed second amended complaint is "substantially similar" to the present complaint, that alone is insufficient to override the "extreme liberality" with which Rule 15's policy of favoring amendments should be applied. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Therefore, the Court **GRANTS** Plaintiff's motion to file a second amended complaint.

## II. CONCLUSION

For the reasons above, the Court **GRANTS in part and DENIES in part** Defendants' motion to dismiss, **GRANTS** Plaintiff's *ex parte* application to appoint a process server, and **GRANTS** Plaintiff's motion for leave to file a second amended complaint.  Plaintiff's second amended complaint must be filed within 21 days of the date of this order.  The claims in the present complaint against the District and the individual defendants in their official capacity except the Title VI claim, are dismissed with prejudice and shall not be re-alleged in the Second Amended Complaint.  The Court further **ORDERS** that the United States Marshal shall serve a summons and a copy of the Second Amended Complaint upon Defendants as directed by Plaintiff on U.S. Marshal Form 285, with all costs of service to be advanced by the United States.  Plaintiff shall have ninety (90) days from the filing of the Second Amended Complaint in which to serve defendants.

**IT IS SO ORDERED.**

DATED: January 2, 2013

*[signature]*
BARRY TED MOSKOWITZ, Chief Judge
United States District Court