# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY E. AKINS, <br><br> Plaintiff, <br><br> v. <br><br> SAN DIEGO COMMUNITY COLLEGE DISTRICT, et al., <br><br> Defendants. | Case No. 12cv576 BTM (WVG) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

On April 3, 2013, Defendants San Diego Community College District, Penny Hedgecoth, Matthew Torres, and Constance Carroll (collectively "Defendants") submitted a motion to dismiss Plaintiff's Second Amended Complaint. (ECF No. 38.) For the reasons discussed below, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

This Court is again asked to address the sufficiency of Plaintiff Rodney E. Akins' ("Plaintiff") complaints. On January 2, 2013, the Court granted in part and denied in part Defendants' motion to dismiss Plaintiff's First Amended Complaint ("FAC") on the ground of subject matter jurisdiction, holding that the majority of Plaintiff's claims were barred by the doctrine of sovereign immunity. (Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, ECF No. 23.) Given

1

12cv576-BTM-WVG

Plaintiff's motion to amend his FAC, the Court declined to adjudicate the portion of Defendants' motion to dismiss for failure to state a claim. (ECF No. 23.) Plaintiff's motion to amend his FAC was granted, and on February 7, 2013, Plaintiff filed the Second Amended Complaint ("SAC") against Defendants.

In his SAC, Plaintiff alleges, *inter alia*, that on May 25, 2010, he attempted to effect service of process against nine defendants in a San Diego Superior Court case via the mail center at the Mesa College campus, but was deterred from doing so by Defendant Hedgecoth, a district employee. (SAC ¶¶ 11-21.) According to the SAC, Hedgecoth called Defendant Torres, a campus police officer, who stopped and detained Plaintiff. (SAC ¶¶ 22, 24.) Plaintiff alleges that he suffered an injury to his rotator cuff as a result of the force used by Defendant Torres to detain Plaintiff. (SAC ¶ 30.)

Plaintiff's SAC asserts the following causes of action: (1) intentional infliction of emotional distress; (2) denial of public accommodation in violation of 42 U.S.C. § 1983; (3) age discrimination in violation of Cal. Gov't Code § 11135(a); (4) race discrimination in violation of 42 U.S.C. § 2000d; (5) abuse of process; (6) violation of due process and equal protection under Cal. Const. art I § 7; (7) conspiracy in violation of Cal. Gov't Code § 11135(a); (8) unlawful detainment in violation of Cal. Const. art. I § 13; (9) negligence; (10) violation of Cal. Civ. Code § 52.1(b); (11) retaliation in violation of Cal. Gov't Code § 11135(a); (12) personal injury; (13) denial of public accommodation in violation of Cal. Gov't Code § 11135(a); and (14) retaliation in violation of 42 U.S.C. §§ 1983, 2000d.

## II. DISCUSSION

Defendants move to dismiss Plaintiff's SAC on the following grounds: (1) lack of subject matter jurisdiction; (2) res judicata; and (3) failure to state a claim upon which relief can be granted. The Court addresses each of these arguments in turn.

//

//

A. <u>Subject Matter Jurisdiction</u>

Defendants argue that sovereign immunity bars the Court from entertaining this suit. The Eleventh Amendment provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. amend. XI. The doctrine of sovereign immunity is meant to protect against the "insult to a State of being haled into court without its consent." <u>Virginia Office for Prot. And Advocacy v. Stewart</u>, 131 S. Ct. 1632, 1640 (2011).

Plaintiff has brought this suit pursuant to the Court's federal question jurisdiction, according to which a federal district court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims so long as they form part of the same case or controversy . . . ." 28 U.S.C. § 1367. Therefore, before considering the validity of the pendent state law claims, the Court must determine whether it has jurisdiction over the federal law claims.

1. <u>Federal Claims</u>

Federal courts are barred from entertaining suits against state officials when the state is the real and substantial party at interest. <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 101 (1984). Thus, a federal court cannot entertain claims against state officials that seek money damages for violations of federal law if the state would be liable for payment. However, a suit "challenging the constitutionality of a state official's *actions* is not one against the state." <u>Id.</u> at 102 (emphasis added). When the actions of a state official violate the Constitution, the official is "stripped of his official or representative character and subjected in his person to the consequences of his individual conduct." <u>Id.</u> (citing <u>Ex parte Young</u>, 209 U.S. 123, 160 (1908)) (internal quotations omitted). In <u>Pennhurst</u>, the Supreme Court extended this theory to include violations of federal law, noting that "such a suit would not be one against

the State since the federal law allegation would strip the state officer of his official authority." Id. at 103.

Count 2 of the SAC alleges that Defendant Hedgecoth denied Plaintiff the use of the mail room because of his race, thereby violating 42 U.S.C. § 1983. Thus, Count 2 alleges that Defendant Hedgecoth's actions violated a federal law. "In a § 1983 action a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief, and may not include a retroactive reward which requires the payment of funds from the state treasury." Quern v. Jordan, 400 U.S. 332, 338 (1979) (internal quotations and citations omitted). To the extent that the Court interprets Plaintiff's claim as seeking either injunctive relief or monetary damages against Defendant Hedgecoth because of her actions, the claim is not barred by the doctrine of sovereign immunity. See Pennhurst, 465 U.S. at 103.

Counts 4 and 14 are more confusing, however, in that they allege violations of federal law against Defendant Hedgecoth acting "under the color of state law in her official capacity." (SAC ¶¶ 42, 66.) It is unclear whether Plaintiff's claims attack Defendant Hedgecoth's independent actions, or if they relate to her official capacity as a state official. To the extent that Plaintiff seeks monetary relief against a state official where the state treasury will be liable for compensation, the Court is barred by the doctrine of sovereign immunity, and Plaintiff's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**. See Pennhurst, 465 U.S. at 101. However, to the extent that Plaintiff is challenging Defendant Hedgecoth's unlawful *actions*, sovereign immunity does not apply, as such an allegation would "strip the officer of [her] official authority." Id. at 103. Once stripped of her official authority, the claim is against the individual, and the state is no longer the party at interest. Therefore, as the Court reads Counts 2, 4, and 14 to be against Defendant Hedgecoth's actions, Defendants' motion to dismiss for lack of subject matter jurisdiction is **DENIED**.

4

12cv576-BTM-WVG

### 2. State Claims

The Court has supplemental jurisdiction over all other claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367. As discussed above, the Court has original federal question jurisdiction over the federal claims. Federal courts are not barred by the doctrine of sovereign immunity when parties seek money damages on allegations that a state official's actions violate a state law. See Hafer v. Melo, 502 U.S. 21 (1991). In Hafer, the Supreme Court noted that the Eleventh Amendment does not shield state officials from personal liability suits solely because they hold a public office. Id. at 31. Rather, so long as the State is not the real and substantial party at interest, a federal court has the jurisdiction to hear pendent state law claims against an individual, even if the form of relief sought is monetary. See Pennhurst, 465 U.S. at 120-22.

The remaining claims (Counts 1, 3, 5-13) request money damages for violations of state law against Defendants acting in their "individual capacities." (See, e.g., SAC ¶¶ 33, 40, 45.) Contrary to Defendants' argument, the Court is not barred by the doctrine of sovereign immunity from hearing these claims. Plaintiff's state law claims specifically allege violations against Defendants acting in their individual capacities, and thus the state is not the real and substantial party at interest. See Hafer, 502 U.S. at 30-31. Therefore, Defendants' motion to dismiss Plaintiff's state law claims for lack of subject matter jurisdiction is **DENIED**.

### B. Res Judicata

In its January 2, 2013 order, this Court denied in part and granted in part Defendants' motion to dismiss Plaintiff's First Amended Complaint ("FAC"), dismissing claims from Plaintiff's FAC on the grounds of sovereign immunity. Because of this, Defendants argue that Plaintiff's claims are barred by res judicata.

Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." <u>Brown v. Felsen</u>, 442 U.S. 127, 132 (1979) (quoting <u>Montana v. United States</u>, 440 U.S. 147, 153 (1979)) (internal quotations omitted). Plaintiff's FAC alleged violations of federal and state law against the District and the Defendants as state officials, whereby the state is the real and substantial party at interest. (ECF No. 23.) Plaintiff's Second Amended Complaint, however, alleges that Defendants' individual actions violated federal and state laws. As discussed above, this important revision allows the Court to entertain Plaintiff's complaints.

Furthermore, res judicata only applies to "final judgment[s] on the merits." <u>Brown</u>, 442 U.S. at 132. A dismissal on the grounds of sovereign immunity is a dismissal for lack of subject matter jurisdiction, not an adjudication on the merits. <u>See</u> Fed. R. Civ. P. 41(b) (stating that a dismissal for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 does not operate as an adjudication on the merits); <u>Denham v. United States</u>, 811 F. Supp. 497, 502 (C.D. Cal. 1992) ("In general, a dismissal for lack of subject matter jurisdiction is not a dismissal on the merits."). Moreover, this Court previously denied as moot Defendants' motion to dismiss for failure to state a claim, thereby postponing judgment on the merits. (ECF No. 23.) Because there has been no final judgment on the merits of this case, the Court **DENIES** Defendants' motion to dismiss on the grounds of res judicata.

C. <u>Failure to State a Claim</u>

Finally, Defendants argue that Plaintiff's Title VI claims (Counts 4 and 14) fail to state a claim upon which relief can be granted. Defendants contend that Plaintiff's factual allegations rely on speculative, implausible, and conclusory allegations, thus failing to meet the pleading standards necessary to survive a Rule 12(b)(6) motion.

### 1. Standard

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Moreover, allegations made by a *pro se* complaint are "held to less stringent standards than formal pleadings drafted by lawyers . . . ." Haines v. Kerner, 404 U.S. 519, 520 (1971).

Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (internal quotation marks omitted).

### 2. Analysis

Title VI of the Civil Rights Act, codified as 42 U.S.C. § 2000d, states that, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a claim under Title VI, a plaintiff must allege that (1) the entity involved is engaged in racial discrimination, and (2) the entity involved is

receiving financial assistance. Fobbs v. Holy Cross Health Sys. Corp., 29 F.3d 1439, 1447 (9th Cir. 1994).

Count 4 alleges that Defendants, as employees of the San Diego Community College District, and using racial overtones and racist behavior, denied Plaintiff the use of the mail room. (SAC ¶ 42.) Likewise, Count 14 alleges that Defendants "intentionally and maliciously" denied Plaintiff the use of the mail room in retaliation for filing previous complaints. (SAC ¶ 66.) However, even when the less stringent standards are applied, Plaintiff's Title VI claims fail to state a claim upon which relief can be granted.

Although Plaintiff alleges that Defendants are employees of a federally funded entity, Plaintiff fails to show they are involved in racial discrimination. The Ninth Circuit in Chollas Ready Mix, Inc. v. Civish, 382 F.3d 969 (9th Cir. 2004), affirmed a district court's order dismissing a plaintiff's § 2000d claims for similar allegations. In Chollas, the plaintiff's complaint contained vague allegations that defendants' policies discriminated on race. Id. at 977. The court held that such allegations were not enough to allow the court to infer that the defendants' actions were motivated by race. Id. Likewise, in this case, Plaintiff fails to provide *any* factual allegations that Defendants' actions are motivated by race. Plaintiff merely concludes that Defendants are using "racial overtones" and exhibiting "racist behavior" without providing any facts to support such conclusory allegations.

The insufficiencies of Plaintiff's Title VI claims do not arise from his *pro se* status. Rather, his failure to state a claim arises from failing to allege facts sufficient to provide the factual basis for the Court to infer that Defendants' actions were based on race. Therefore, Defendants' motion to dismiss Plaintiff's Title VI claims is **GRANTED**. Plaintiff is granted leave to amend his Title VI claims.

//

//

## III. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is **DENIED IN PART** and **GRANTED IN PART**. Plaintiff shall have until August 30, 2013, to file a Third Amended Complaint, and Defendants shall have until September 13, 2013, to file an answer.

**IT IS SO ORDERED.**

DATED: July 26, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court