1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

9

| RODNEY E. AKINS | ) | Case No.: 12cv576 BTM (WVG) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANTS'** |
| | ) | **MOTION TO DISMISS** |
| v. | ) | |
| | ) | |
| SAN DIEGO COMMUNITY COLLEGE | ) | |
| DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

10
11
12
13
14
15
16
17
18
19
20

Plaintiff filed his first complaint in this case on March 7, 2012. Since that time, two motions to dismiss have been filed and granted in part and Plaintiff has filed three amended complaints. Defendants have now filed their third motion to dismiss. (Doc. 48). For the reasons discussed below, Defendant's motion is granted. However, Plaintiff is granted limited leave to amend his § 1983 claim within thirty (30) days.

1

1     **I. Background**

2     Plaintiff Rodney E. Akins has sued Defendants Penny Hedgecoth and Matthew

3 Torres in their individual capacities as, respectively, a Mail Room Supervisor and a

4 Campus Security Officer at San Diego Community College ("College"). (Plaintiff's

5 Third Amended Complaint ("TAC") ¶ 2). Plaintiff, a fifty seven year old African-

6 American male, alleges that while he was a student at San Diego Community College

7 in 2004 he suffered pervasive discrimination on account of his race and age from both

8 students and employees of the College. (TAC ¶ 5). Based on these incidents, Plaintiff

9 filed multiple complaints in state and federal court beginning in 2005 and continuing

10 through 2011. (TAC ¶¶ 7-9).

11     On May 25, 2010, Plaintiff and an unnamed companion arrived at the San

12 Diego Community College Mesa College Campus to mail copies of complaints filed

13 in state court to the named defendant employees of the College. (TAC ¶ 11). Plaintiff

14 alleges that, upon arriving at the campus, he and his companion were approached by

15 "four young white men" who "told the plaintiff's companion to leave the campus and

16 one of them actually whispered something in his ear and [his companion]

17 immediately left the campus." (TAC ¶ 12).

18     Plaintiff proceeded alone to the campus mail room and, upon inquiring about

19 obtaining a receipt, he was directed to the part of the mail room "designated for

20 faculty and 'District' employees." (TAC ¶ 13). Plaintiff was subsequently directed to

2

Defendant Hedgecoth, who Plaintiff described as having a "surly demeanor," and "a very disturbing look," and she refused Plaintiff's request for a receipt. (TAC ¶¶ 14-15). According to Plaintiff, Hedgecoth explained that "the last day of school was on the 21st and all the faculty [had] left for the summer," and that "school would not [begin] until June 8th and [there was] no guarantee that the faculty would even be back to pick up the mail." (TAC ¶ 15-16). Plaintiff interpreted these comments to mean that "it was no use mailing the envelopes to them." (TAC ¶ 15).  Plaintiff replied "[i]t's no big deal if they come back or not, if the mail is not picked up just forward the mail to the District Office." (TAC ¶ 16).

Plaintiff then began writing "Forward to district if not picked up" on each of his envelopes. (TAC ¶ 16). At this point, Defendant Hedgecoth's facial expression became visibly upset. (TAC ¶ 16). Plaintiff began placing the envelopes in the mailroom "in basket" and Hedgecoth "lost her temper" and, "using a very demeaning tone of voice stated '[t]his side is for Faculty and Employees only and all the Mail boxes were closed.'" (TAC ¶ 17). Then, "using a very sarcastic and condescending tone and with evil and malicious contempt stated 'You should look up the personal addresses of all the teachers and mail the envelopes to their homes.'" (TAC ¶ 18). When Plaintiff explained that the school would not give out the personal addresses of faculty or employees, "Hedgecoth smiled and said 'That's Right.'" (TAC ¶ 18). Believing that Hedgecoth was engaged in a conspiracy with other students at the

1   school to deny service of process, Plaintiff asked for Defendant's name. (TAC ¶ 19).

2   She refused to provide her name and asked for Plaintiff's name. (TAC ¶ 19). Plaintiff

3   refused to provide his name and asked for Defendant's again, stating that he intended

4   to report her to her superiors. (TAC ¶ 19). Hedgecoth then told another person in the

5   mailroom to call campus police. (TAC ¶ 20). Plaintiff finished placing his envelopes

6   in the student drop box and left the mail room. (TAC ¶¶ 20-21). Hedgecoth followed

7   Plaintiff "in a fit of rage" screaming "I am in charge of that area also and I am going

8   to throw the envelopes in the trash." (TAC ¶ 21). Plaintiff did not believe

9   Hedgecoth's threat and thought that she was merely trying to force him to return and

10  reclaim the envelopes. (TAC ¶ 21).

11         Approximately five minutes later, Plaintiff was approached by a campus

12  security officer, Defendant Matthew Torres. (TAC ¶ 22). Defendant Torres asked

13  Plaintiff to stop and talk, but Plaintiff declined. (TAC ¶ 22). Defendant Torres then

14  told Plaintiff that he must stop and sit down on a nearby bench or he would place

15  Plaintiff in handcuffs. (TAC ¶ 23). Again, Plaintiff declined, offering to take back the

16  envelopes and leave campus. (TAC ¶ 23). Plaintiff walked toward the mailroom and

17  Defendant Torres called for help. (TAC ¶ 24). Another officer responded and the two

18  officers ran towards Plaintiff and grabbed his arms, twisting them behind his back

19  and placing his wrists together, while telling Plaintiff not to resist. (TAC ¶ 24). This

20  caused Plaintiff extreme pain and he "kept screaming back to them while trying to

1   push [his] arms back toward them that and I quote 'I'm Cool,' I'm cool, 'I am not

2   resisting.'" (TAC ¶ 24).

3       Plaintiff was subsequently handcuffed, placed on a bench, and questioned.

4   (TAC ¶ 25). The other officer went to the mail room and returned about twenty

5   minutes later with Plaintiff's envelopes and removed the handcuffs. (TAC ¶ 26).

6   According to Plaintiff, "the officer agreed with me that the call was a bogus call," but

7   nonetheless instructed Plaintiff to stay off campus for seven days. (TAC ¶ 27).

8       Plaintiff contends that Defendants unlawfully denied him access to a public

9   accommodation -- the mail room -- and unlawfully detained him, and that Defendant

10  Hedgecoth's conduct was motivated by racial animus. (TAC ¶¶ 28-29). As a result of

11  Defendants' conduct, Plaintiff suffered increased blood pressure, dizziness, numbness

12  in his wrists and fingers, back pain, emotional damages, and permanent injuries,

13  including a torn ligament and damage to his rotor cuff. (TAC ¶¶ 28-31).

14      Plaintiff's complaint asserts claims for (1) intentional infliction of emotional

15  distress, (2) denial of a public accommodation in violation of 42 U.S.C. 1983; (3) age

16  discrimination; (4) denial of a public accommodation, (5) abuse of process; (6) denial

17  of due process and equal protection in violation of the California Constitution, Article

18  1, § 7; (7) conspiracy, (8) unlawful detainment in violation of the California

19  Constitution, Article 1, § 13; (9) negligence; (10) violation of California Civil Code §

20  52.1, (11) retaliation, (12) and personal injury. (TAC ¶¶ 32-61a).

1      Plaintiff seeks general, compensatory, and punitive damages in the amount of

2  five million dollars, equitable relief, and compensation for the cost of suit. (TAC

3  p. 35).

4    **II. Legal Standard**

5      Fed. R. Civ. P. 12(b)(6) provides a defense against complaints which "fail[] to

6  state a claim upon which relief can be granted." In other words, "[a] Rule

7  12(b)(6) motion tests the legal sufficiency of a claim." <u>Navarro v. Block</u>, 250 F.3d

8  729, 732 (9th Cir. 2001).  As the Supreme Court has explained, a valid complaint

> 9 must contain a short and plain statement of the claim
> 10 showing that the pleader is entitled to relief. . . . [T]he
> pleading standard Rule 8 announces does not require
> 11 detailed factual allegations, but it demands more than an
> unadorned,          the-defendant-unlawfully-harmed-me
> 12 accusation. A pleading that offers labels and conclusions or
> a formulaic recitation of the elements of a cause of action
> 13 will not do. Nor does a complaint suffice if it tenders naked
> assertion[s] devoid of further factual enhancement.

> 14 To survive a motion to dismiss, a complaint must contain
> sufficient factual matter, accepted as true, to state a claim to
> 15 relief that is plausible on its face. A claim has facial
> plausibility when the plaintiff pleads factual content that
> 16 allows the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged. The
> 17 plausibility standard is not akin to a probability
> requirement, but it asks for more than a sheer possibility
> 18 that a defendant has acted unlawfully. Where a complaint
> pleads facts that are merely consistent with a defendant's
> 19 liability, it stops short of the line between possibility and
> plausibility of entitlement to relief.

20

1   Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (internal quotation marks and

2   citations omitted); see also Petzschke v. Century Aluminum Co., 729 F.3d 1104,

3   1107 (9th Cir. 2013) ("Iqbal and Twombly moved us away from a system of pure

4   notice pleading. In addition to providing fair notice, the complaint's allegations must

5   now suggest that the claim has at least a plausible chance of success." (internal

6   citation omitted)).

7        When reviewing a motion to dismiss, the allegations of material fact in

8   plaintiff's complaint are taken as true and construed in the light most favorable to the

9   plaintiff. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

10   Moreover, allegations made in a pro se complaint are held "to less stringent standards

11   than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520

12   (1971). However, "the tenet that a court must accept as true all of the allegations

13   contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

14   **III. Analysis**

15        Defendants advance three arguments in their motion to dismiss. First,

16   Plaintiff's age discrimination claim is barred by his failure to provide timely notice

17   and exhaust administrative remedies. Second, Plaintiff's state claims are time-barred

18   by the Government Claims Act. Third, Plaintiff's civil rights claims fail to state a

19   cause of action because the factual allegations are insufficient. The Court will address

20   each of these arguments below.

## **1. Plaintiff's Age Discrimination Claims**

Plaintiff's third claim for relief is framed as a cause of action for age discrimination. (TAC ¶¶ 39-40a). While Plaintiff does not refer to a particular statute, it is possible that he is seeking relief for age discrimination in a federally assisted program pursuant to 42 U.S.C. § 6104.[1]  However, to bring such a claim, Plaintiff must first exhaust any administrative remedies. 42 U.S.C. § 6104(e)(2). The exhaustion requirement is satisfied "upon the expatriation of 180 days from the filing of an administrative complaint during which time the Federal department or agency makes no finding with regard to the complaint, or upon the day that the Federal department or agency issues a finding in favor of the recipient of financial assistance, whichever occurs first." 42 U.S.C. § 6104(f).

Defendants contend that Plaintiff has failed to allege compliance with § 6104's exhaustion requirements. In response, Plaintiff contends that he filed a complaint against the College for retaliation, age discrimination, denial of accommodation, and other discriminatory acts with the California Department of Fair Employment & Housing ("DFEH") and that he received a notice of case closure and the right-to-sue. (Doc. 54, Ex. A). The notice is dated March 9, 2011, and provides that a civil action must filed within one year of that date. (Doc. 54, Ex. A).

---

[1] It is also possible that Plaintiff intends to assert an age discrimination claim under 29 U.S.C. § 623. However, that section's provisions are limited to age discrimination by employers, employment agencies, and labor organizations, and it is thus inapplicable on these facts.

8

1    The Court finds that Plaintiff has failed to clearly establish compliance with §

2  6104's exhaustion requirement. First, it does not appear that Plaintiff filed an

3  administrative complaint with a federal department or agency, as required by 42

4  U.S.C. § 6104(f). Rather, he appears to have filed a complaint with the California

5  Department of Fair Employment and Housing. (Doc. 54, Ex. A).

6    Second, Plaintiff has not exhausted his administrative remedies within the

7  meaning of the statute, which requires that 180 days pass after the filing of the

8  complaint with the agency without the agency making a finding, or that the agency

9  issue a finding in favor the recipient of financial assistance. 42 U.S.C. § 6104(f). In

10  this case, neither prerequisite occurred. Plaintiff notes that he filed a complaint with

11  the California DFEH on March 9, 2011. (Doc. 54). The notice of case closure, dated

12  March 9, 2011, states that Plaintiff's complaint was closed because an immediate

13  right-to-sue notice was requested and that no further action would be taken by DFEH.

14  Thus, neither 180 days passed without a decision, nor did the agency decide in favor

15  of the College. The agency simply closed the case at Plaintiff's request. On these

16  facts, Plaintiff cannot be said to have exhausted his administrative remedies.

17    Moreover, even if Plaintiff did exhaust his administrative remedies, he has not

18  complied 42 U.S.C. § 6104's notice requirements. Prior to filing suit in district court,

19  the plaintiff must provide "notice by registered mail not less than 30 days prior to the

20  commencement of that action to the Secretary of Health and Human Services, the

9

1    Attorney General of the United States, and the person against whom the action is

2    directed." 42 U.S.C. § 6104(e)(1). The notice must "state the nature of the alleged

3    violation, the relief to be requested, the court in which the action will be brought, and

4    whether or not attorney's fees are being demanded in the event that the plaintiff

5    prevails." 42 U.S.C. § 6104(e)(2).

6        Plaintiff has not alleged compliance with the notice requirement in his filings,

7    nor has he responded to Defendant's argument in their briefs that he failed to provide

8    notice. Accordingly, Plaintiff has failed to demonstrate compliance with § 6104. To

9    the extent his age discrimination claim is brought under that section, it must

10   dismissed. It is also possible that Plaintiff means to bring his claim for age

11   discrimination under California law. However, even if this is the case, Plaintiff's

12   claim would nonetheless fail for the reasons discussed in the next section.

13                       **2. Plaintiff's State Claims**

14       With the exception of Plaintiff's claims brought pursuant to 42 U.S.C. §§ 1983

15   and 6104, each of Plaintiff's other claims appear to be state claims. Pursuant to

16   California law, "no suit for money or damages may be brought against a public entity

17   on a cause of action for which a claim is required to be presented . . . until a written

18   claim therefor has been presented to the public entity and has been acted upon by the

19   board, or has been deemed to have been rejected by the board." Cal. Gov. Code §

20   945.4. A written notice of claim is required for "all claims for money or damages

10

1   against local public entities." Cal. Gov. Code § 905. See also Cal. Gov. Code § 900.4

2   ("'Local public entity' includes a county, city, district, public authority, public

3   agency, and any other political subdivision or public corporation in the State, but

4   does not include the State."). If a public entity rejects the claim, the Plaintiff must

5   commence any suit "not later than six months after the date such notice is personally

6   delivered or deposited in the mail." Cal. Gov. Code § 945.6(a)(1). Finally, it bears

7   noting that if an action would be barred against a public entity for failure to file suit

8   within six months, the action is also barred against the public employees of that

9   entity. Cal. Gov. Code § 950.2.

10       Defendants contend that Plaintiff failed to file his suit within six months of the

11   College rejecting his claim on September 13, 2010. Rather, Plaintiff filed his original

12   complaint over a year later on March 7, 2012. Plaintiff replies that he filed his

13   administrative complaint with the California DFEH on March 9, 2011, within six

14   months of the College's rejection of his claim, and also filed a related action in

15   California Superior Court on March 14, 2011.[2] Plaintiff appears to be arguing that the

16   instant complaint should relate back to his earlier timely filings before the California

17   DFEH and Superior Court because the claims all arise out of the same set of facts.

18

---

19   [2] California's six-month deadline has been interpreted to allow the plaintiff six
     months or 182 calendar days, whichever is longer. Gonzales v. County of Los

20   Angeles, 199 Cal.App.3d 601, 605-06 (1988). In this case, March 14, 2011 falls just
     within the 182 day deadline.

1    Defendants are correct. Plaintiff's original complaint was filed in this court on

2  March 7, 2012, (Doc. 1) almost a year and a half after his claim was rejected by the

3  College on September 13, 2010 (Doc. 48-2, Ex. B). However, equitable tolling is

4  applicable to the California Tort Claims Act six-month deadline and is triggered by

5  an administrative complaint or a complaint filed in federal court. Daviton v.

6  Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1136-37 (9th Cir. 2001) (citing

7  Elkins v. Derby, 12 Cal.3d 410 (1974); Addison v. State of California, 21 Cal.3d 313

8  (1978)). The principles underlying the doctrine of equitable tolling would seem to be

9  equally applicable when, as in this case, the first claim is filed in state court and the

10 second claim is filed in federal court. See id. ("[I]f the defendant is not prejudiced

11 thereby, the running of the limitations period is tolled [w]hen an injured person has

12 several legal remedies and, reasonably and in good faith, pursues one." (internal

13 quotation marks and citation omitted)). That said, the Court need not reach this issue

14 because even if the six-month deadline is equitably tolled for the duration of

15 Plaintiff's administrative and state court proceedings, Plaintiff's federal filing is still

16 untimely.

17    Plaintiff's administrative proceedings began and ended on March 9, 2011, the

18 date the California DFEH received and closed Plaintiff's complaint and issued a

19

20

12

1  right-to-sue notice.[3] Accordingly, the tolling effect began and ended on the same date

2  and did not extend the six-month deadline.

3        Plaintiff's state court filing is equally unavailing. Plaintiff filed his case in

4  California Superior Court on March 14, 2011 -- the last possible date within the six-

5  month deadline.[4] The case was dismissed without prejudice at Plaintiff's request on

6  September 14, 2011.[5] Even if equitable tolling applied for the duration of the state

7  court suit, it ended when Plaintiff's case was dismissed. At that point, the six-month

8  deadline resumed where it had been tolled: the final day of the six-month deadline.

9  Accordingly, Plaintiff had to file his federal case on the same date his state court case

10  was dismissed: September 14, 2011. But Plaintiff did not file the instant federal case

11  until March 7, 2012. Plaintiff's state claims are nearly six months out of time and

12  must be dismissed.

13  [3] Plaintiff contends that the right-to-sue notice stated that Plaintiff had one year to bring suit, and thus he could file by March 9, 2012. However, Plaintiff provides no

14  authority for the proposition that the deadline provided on the right-to-sue notice replaces the Government Claims Act statute of limitations. Rather, each deadline runs

15  in parallel. The six-month deadline imposed by Cal. Gov. Code § 945.6(a)(1) passed before the one-year deadline imposed by the DFEH's right-to-sue notice.

16  

17  [4] Plaintiff provides this date in his response and sur-reply to Defendant's motion to dismiss. The Court also takes judicial notice of the California Superior Court Register of Actions for Plaintiff's state case (Akins v. San Diego Community College District,

18  37-2011-00087553), which confirms this date is accurate. The Register of Actions is attached to this order.

19  

20  [5] While the parties have not provided this date or supporting documentation, the Court takes judicial notice of the Request for Dismissal filed in Plaintiff's state case. The request is attached to this order.

13

1

### **3. Plaintiff's Federal Civil Rights Claims**

2      42 U.S.C. § 1983 provides in relevant part that

3          Every person who, under color of any statute, ordinance,
           regulation, custom, or usage, of any State or Territory or the
4          District of Columbia, subjects, or causes to be subjected, any
           citizen of the United States or other person within the
5          jurisdiction thereof to the deprivation of any rights,
           privileges, or immunities secured by the Constitution and
6          laws, shall be liable to the party injured in an action at law,
           suit in equity, or other proper proceeding for redress

7

       Defendants argue that Plaintiff's civil rights claims brought under 42 U.S.C. §
8
   1983 for denial of a public accommodation are so devoid of factual support as to
9
   warrant dismissal for failure to state a claim under Rule 12(b)(6).
10
       Plaintiff's second cause of action states in relevant part:
11
           Denial of Public Accommodation
12
           Violation of 42 U.S.C. § 1983
13
           . . . . The plaintiff Rodney E. Akins an African American
14         Male over 50 years old, a member of a federally protected
           group for age and race . . . .
15
           Defendant Penny Hedgecoth as an individual and acting
16         under the color of the state as a Mail Room supervisor
           intentionally and maliciously denied plaintiff the use of a
17         Public    Accommodation    (mail room)    assisted    by
           [Defendants] Torres and Doe 3 in retaliation for plaintiff
18         filing grievances and discrimination law suits against the
           district and district employees. Hedgecoth did not allow the
19         plaintiff to deposit envelopes containing summons and
           complaints (service of process) "which is a federally
20         protected activity" for district employees in the student mail

14

1
2
3

      box which is a public accommodation and prescribed area that was being used by others in doing so interfered and denied service of process. Also denied plaintiff his basic civil rights along with his state and federal constitutional rights.

4  (TAC ¶¶ 36-37).

5        Plaintiff does not clearly articulate which "rights, privileges, or immunities

6  secured by the Constitution and laws" were violated by Defendants' conduct.

7  However, taking Plaintiff's factual assertions as true and reading them in a charitable

8  light, Plaintiff appears to allege that he was denied access to the College mail room

9  on the basis of age, race, and in retaliation for filing prior suits against the College

10  and its employees.

11        To withstand dismissal, Plaintiff's claims must be more than possible, they

12  must be plausible. Iqbal, 556 U.S. at 678. "[T]he pleading standard Rule 8 announces

13  does not require 'detailed factual allegations,' but it demands more than an

14  unadorned, the defendant-unlawfully-harmed-me accusation." Id.[6]

15        Assuming that Defendant Hedgecoth did indeed have a "surly demeanor,"

16  "very disturbing look," was visibly upset and "lost her temper," and used a

17  demeaning, sarcastic, and condescending tone when she refused to provide Plaintiff

18
19
20

---

[6] Plaintiff cites to the more liberal standard set out in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), which provided that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." However, this standard was abrogated by the Supreme Court in Bell Atlantic v. Twombly, 550 U.S. 544, 560-63 (2006). See also Iqbal, 556 U.S. at 670, 677-80.

with a receipt for his letters and told Plaintiff that all mail boxes were closed, and that she called campus security to have Plaintiff arrested, none of these facts show that Defendant Hedgecoth was motivated by racial animus or age discrimination, or that she was retaliating against Plaintiff for filing previous complaints. Plaintiff's belief that "Hedgecoth was a Racist and would not have treated a younger white student the way she treated plaintiff" (TAC ¶ 28) and that she was acting "in retaliation for plaintiff filing grievances and discrimination law suits" may or may not be true, but Plaintiff has not pled sufficient facts to make his belief plausible. Rather, it is exactly the sort of conclusory allegation that we are bound to reject as insufficient to state a claim. Id. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, Plaintiff's claim for violation of his rights under 42 U.S.C. § 1983 must be dismissed.

However, the Court will grant Plaintiff leave to file a fourth amended complaint limited to his § 1983 claim. To withstand a subsequent motion to dismiss, Plaintiff must plead specific facts showing that it is plausible that he suffered discrimination on the basis of age, race, or in retaliation for filing previous law suits. In other words, Plaintiff must offer more than his personal belief that he suffered discrimination for these reasons. Plaintiff's other state and federal claims are dismissed with prejudice.

16

**IV. Conclusion**

Defendant's motion to dismiss is GRANTED. Plaintiff's federal age discrimination claim is dismissed for failure to comply with exhaustion and notice requirements. Plaintiff's state claims are dismissed for failure to comply with the statute of limitations. Plaintiff's federal civil rights claim is dismissed for failure to allege sufficient facts to state a cognizable claim. Plaintiff is granted leave to file a fourth amended complaint within thirty (30) days limited to his federal civil rights claim brought pursuant to 42 U.S.C. § 1983. The Clerk shall enter partial judgment dismissing all of Plaintiff's other state and federal causes of action.


IT IS SO ORDERED.

Dated: May 29, 2014

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court

17

**SUPERIOR COURT OF CALIFORNIA**
# County of SAN DIEGO

**Register of Actions Notice**

| | | | |
|---|---|---|---|
| Case Number: | 37-2011-00087553-CU-CR-CTL | Filing Date: | 03/14/2011 |
| Case Title: | Rodney E Akins vs. SAN DIEGO COMMUNITY COLLEGE DISTRICT | Case Age: | 191 days |
| Case Status: | Dismissed | Location: | Central |
| Case Category: | Civil - Unlimited | Judicial Officer: | Joel M. Pressman |
| Case Type: | Civil Rights | Department: | C-66 |

## Future Events

| Date | Time | Department | Event |
|---|---|---|---|
| No future events | | | |

## Participants

| Name | Role | Representation |
|---|---|---|
| Akins, Rodney E | Plaintiff | |
| CHARLES, VICTOR | Defendant | |
| HEDGECOTH, PENNY | Defendant | |
| OWEN, KAREN | Defendant | |
| SAN DIEGO COMMUNITY COLLEGE DISTRICT | Defendant | |

## Representation

| Name | Address | Phone Number |
|---|---|---|
| No representation | | |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 03/14/2011 | Complaint filed by Akins, Rodney E. Refers to: SAN DIEGO COMMUNITY COLLEGE DISTRICT; CHARLES, VICTOR; OWEN, KAREN; HEDGECOTH, PENNY | Akins, Rodney E (Plaintiff) |
| 2 | 03/14/2011 | Civil Case Cover Sheet filed by Akins, Rodney E. Refers to: SAN DIEGO COMMUNITY COLLEGE DISTRICT; CHARLES, VICTOR; OWEN, KAREN; HEDGECOTH, PENNY | Akins, Rodney E (Plaintiff) |
| 3 | 03/14/2011 | Original Summons filed by Akins, Rodney E. Refers to: SAN DIEGO COMMUNITY COLLEGE DISTRICT; CHARLES, VICTOR; OWEN, KAREN; HEDGECOTH, PENNY | Akins, Rodney E (Plaintiff) |
| 4 | 03/14/2011 | Summons issued. | |
| 5 | 03/14/2011 | Case assigned to Judicial Officer Pressman, Joel. | |
| 6 | 03/14/2011 | Request to Waive Court Fees filed by Akins, Rodney E. | Akins, Rodney E (Plaintiff) |
| 7 | 03/14/2011 | Order on Court Fee Waiver filed by Akins, Rodney E. | Akins, Rodney E (Plaintiff) |
| 8 | 05/11/2011 | Certificate of Service filed by Akins, Rodney E. | Akins, Rodney E (Plaintiff) |
| 9 | 07/14/2011 | OSC - Failure to Request Entry of Default scheduled for 09/16/2011 at 01:30:00 PM at Central in C-66 Joel M. Pressman. | |
| 10 | 08/08/2011 | Request for Entry of Default Received for Processing | |
| 11 | 08/08/2011 | Request for Entry of Default filed by Akins, Rodney E. Refers to: SAN DIEGO COMMUNITY COLLEGE DISTRICT | Akins, Rodney E (Plaintiff) |
| 12 | 08/08/2011 | The default was denied as to SAN DIEGO COMMUNITY COLLEGE DISTRICT on Complaint filed by Akins, Rodney E . | |
| 13 | 09/12/2011 | The OSC - Failure to Request Entry of Default was rescheduled to 10/07/2011 at 01:30:00 PM in C-66 before Joel M. Pressman at Central. | |

| 14 | 09/12/2011 | OSC - Failure to Request Entry of Default scheduled for 10/07/2011 at 01:30:00 PM at Central in C-66 Joel M. Pressman. | |
| 15 | 09/14/2011 | Request for Dismissal without Prejudice - Entire Action filed by Akins, Rodney E. Refers to: CHARLES, VICTOR; HEDGECOTH, PENNY; OWEN, KAREN; SAN DIEGO COMMUNITY COLLEGE DISTRICT | Akins, Rodney E (Plaintiff) |
| 21 | 09/21/2011 | OSC - Failure to Request Entry of Default scheduled for 10/07/2011 at 01:30:00 PM at Central in C-66 Joel M. Pressman was vacated. | |

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Rodney E. Akins<br>580 So. 500 W. # 413<br>Salt Lake City, Utah 84101<br><br>TELEPHONE NO: 801-746-6973   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): reakins2000@hotmail.com<br>ATTORNEY FOR (Name): Pro Per Plaintiff | FILED<br>CIVIL BUSINESS OFFICE 11<br>CENTRAL DIVISION<br>SEP 14 '11 PM 12:56<br>2011 SEP 14 P 1:47<br>SUPERIOR COURT<br>DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 Broadway
MAILING ADDRESS: Department 66
CITY AND ZIP CODE: San Diego California 92101
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Rodney E. Akins

DEFENDANT/RESPONDENT: San Diego Community College District

| REQUEST FOR DISMISSAL | CASE NUMBER: |
|---|---|
| ☐ Personal Injury, Property Damage, or Wrongful Death<br>  ☐ Motor Vehicle  ☐ Other<br>☐ Family Law  ☐ Eminent Domain<br>☑ Other (specify): Civil | 37-2011-00087553-CU-CR-CTL<br><br>37-2011-00087553-CU CR CTL |

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice  (2) ☑ Without prejudice
   b. (1) ☑ Complaint  (2) ☐ Petition
      (3) ☐ Cross-complaint filed by (name):                          on (date):
      (4) ☐ Cross-complaint filed by (name):                          on (date):
      (5) ☑ Entire action of all parties and all causes of action
      (6) ☐ Other (specify):*

2. (Complete in all cases except family law cases.)
      ☑ Court fees and costs were waived for a party in this case. (This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).

Date: 8-31-2011

Rodney E. Akins                                          [signature]
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☑ PARTY WITHOUT ATTORNEY)                          (SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☑ Plaintiff/Petitioner  ☐ Defendant/Respondent
☐ Cross−Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
      Date:

_____                          ▶ _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☑ PARTY WITHOUT ATTORNEY)                          (SIGNATURE)

** If a cross-complaint − or Response (Family Law) seeking affirmative relief − is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☑ Plaintiff/Petitioner  ☐ Defendant/Respondent
☐ Cross−Complainant

(To be completed by clerk)
4. ☒ Dismissal entered as requested on (date): SEP 14 2011
5. ☐ Dismissal entered on (date):                          as to only (name):
6. ☐ Dismissal **not entered** as requested for the following reasons (specify):

7. a. ☒ Attorney or party without attorney notified on (date): SEP 21 2011
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed  ☐ means to return conformed copy.

Date: SEP 21 2011              Clerk, by _____ K. ROBERTS, Deputy

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. July 1, 2009] | REQUEST FOR DISMISSAL | Code of Civil Procedure, § 581 et seq.;<br>Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courtinfo.ca.gov |

CIV-110

| PLAINTIFF/PETITIONER: Rodney E. Akins | CASE NUMBER: *Rc. 6.* |
|---|---|
| DEFENDANT/RESPONDENT: | 37-2011-0008755/3-CU-CR-CTL |

### Declaration Concerning Waived Court Fees

The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

SEP 14 '11 PM 12:58

1. The court waived fees and costs in this action for *(name):* Rodney E. Akins
2. The person in item 1 *(check one):*
   a. [✓] is not recovering anything of value by this action.
   b. [  ] is recovering less than $10,000 in value by this action.
   c. [  ] is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*
3. [  ] All court fees and costs that were waived in this action have been paid to the court *(check one):* [  ] Yes  [✓] No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: 8-31-2011

Rodney EAKINS

(TYPE OR PRINT NAME OF [  ] ATTORNEY [✓] PARTY MAKING DECLARATION)

▶ _(SIGNATURE)_