UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY E. AKINS,<br><br>    Plaintiff,<br><br>v.<br><br>SAN DIEGO COMMUNITY<br>COLLEGE DISTRICT, *et al*.,<br><br>    Defendants. | Civil No. 12-CV-0576-BTM (WVG)<br><br>ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION TO EXTEND TIME TO SUPPLEMENT AND CORRECT DISCLOSURES<br><br>(Fed. R. Civ. P. 16)<br>(Local Rule 16.1)<br>(Fed. R. Civ. P. 26) |

Plaintiff's *Ex Parte* Motion to Extend Time to Supplement and Correct Disclosures (Doc. No. 91) to extend the fact discovery deadline by ninety days came before the Court for resolution. For the reasons set forth below the Motion is DENIED without prejudice.

1.    <u>Background</u>

The Court convened a Case Management Conference on June 4, 2015 and provided the parties with case dates, including the fact discovery cut off date. (*See* Doc. No. 79.) On June 8, 2015, the Court issued the Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings, which specifies that the fact discovery cut off deadline is December 4, 2015. (Doc. No. 80.) On November 13,

1

1  Plaintiff filed an *Ex Parte* Motion to Extend Time to Supplement and Correct
2  Disclosures to extend the fact discovery deadline from December 4, 2015 by ninety
3  days. (Doc. No. 91.) In support, Plaintiff argues, with scant evidence, that he has been
4  unable to conduct discovery from July to October due to medical treatment in Arizona.
5  Defendant opposes Plaintiff's Motion stating that Plaintiff was "responsive during his
6  absence." (Doc. No. 93.) The Court accordingly DENIES Plaintiff's Motion without
7  prejudice.

8        2.     Analysis and Ruling

9  Rule 16(b)(4) provides that the Court's scheduling order "may be modified
10 upon a showing of 'good cause,' an inquiry that focuses on the reasonable diligence
11 of the moving party." Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n. 6 (9th Cir.2007);
12 citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992). In
13 Johnson, the Ninth Circuit explained,

14     ... Rule 16(b)'s "good cause" standard primarily concerns the diligence
    of the party seeking the amendment. The district court may modify the
15     pretrial schedule "if it cannot reasonably be met despite the diligence of
    the party seeking the extension." Fed .R.Civ.P. 16 advisory committee's
16     notes (1983 amendment) ... [T]he focus of the inquiry is upon the moving
    party's reasons for seeking modification.... If that party was not diligent,
17     the inquiry should end.
Johnson, 975 F.2d at 609.

18 In part, the "good cause" standard requires the parties to demonstrate that "noncompli-
19 ance with a Rule 16 deadline occurred or will occur, notwithstanding ... diligent efforts
20 to comply, because of the development of matters which could not have been
21 reasonably foreseen or anticipated at the time of the Rule 16 Scheduling Conference
22 ..." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D.Cal.1999).

23       The facts and supporting evidence provided in the instant Motion do not
24 constitute good cause. Although Plaintiff contends that he was in Arizona from July
25 to October undergoing medical treatment, he has provided no supporting evidence of
26 his unavailability during this time. At best, he points to a Phoenix, Arizona, postmark
27 dated August 18, 2015 as proof he was unavailable. However, all this demonstrates
28 is that the particular letter was sent from Arizona on a specific day. Despite Plaintiff's

statement that he "can provide additional evidence," he fails to attach any supporting documents to his Motion presently before the Court. Without further documentation demonstrating an extended absence for medical reasons, the Court cannot find that Plaintiff was in Arizona undergoing medical treatment for the entire period of July to October, or even if he was, that Plaintiff's medical condition and/or treatment he received rendered him incapable of carrying out his discovery obligations.

Plaintiff presents no information as to why his short term absence prevented him from participating in discovery. Common discovery practice is often conducted by parties located in various states. Mere presence in another state is not sufficient justification to suspend a plaintiff's obligation to diligently pursue his claims. Without any evidence or information regarding Plaintiff's inability to conduct discovery during this time, the Court cannot find good cause for an extension of discovery deadlines.

Lastly, the Court questions Plaintiff's diligence. While proper procedural mechanisms to conduct discovery are articulated in the Federal Rules of Civil Procedure, it does not appear Plaintiff has utilized these methods available to him even before or after his stay in Arizona. Although the Court convened a Case Management Conference on June 4, 2015, Plaintiff appears to have conducted no discovery in the month of June before his departure to Arizona in July. Similarly, although Plaintiff was only in Arizona until October, Defense counsel states that he has received no discovery from Plaintiff during the month of November either. It does not appear that Plaintiff has complied with basic discovery procedures or served proper discovery requests to date.

/ / /

/ / /

### 3. Conclusion

The Court finds that Plaintiff has not adequately demonstrated his unavailability and inability to conduct discovery during the period of July to October. Accordingly Plaintiff has not presented good cause to extend the discovery deadline by ninety days and Plaintiff's Motion is DENIED without prejudice.

IT IS SO ORDERED.

DATED: November 20, 2015

_____
Hon. William V. Gallo
U.S. Magistrate Judge